MAJESTIC COAL & COKE CO. v. ILLINOIS CENT. R. CO.

(Circuit Court, N. D. Illinois, E. D. June 25, 1908.)

No. 28,784.

CARRIERS—INTERSTATE COMMERCE—DISTRIBUTION OF CARS AMONG COAL MINES.

A railroad company engaged in interstate commerce in making distribution of cars between coal mining companies engaged in such commerce where there is a shortage has no legal right under Interstate Commerce Act Feb. 4, 1887, c. 104, § 3, 24 Stat. 380 (U. S. Comp. St. 1901, p. 3155), to leave out of consideration private or foreign cars used by such a company, although only in intrastate commerce, and make the allotment with reference to its own cars alone by which such company is given a preference or advantage over its competitors in interstate commerce.

In Equity. On demurrer to bill and motion to dissolve temporary injunction.

Goodrich, Vincent & Bradley (Ralph R. Bradley, of counsel), for complainant.

J. G. Drennan and W. S. Kenyon, for defendant.

H. B. Arnold, for Interstate Commerce Commission.

KOHLSAAT, Circuit Judge. This cause is now before the court on demurrer and motion to dissolve temporary injunction. Complainant filed its bill to restrain defendant from including certain private cars and certain so-called "foreign fuel cars" in estimating the distributive share or quota of complainant in and to defendant's "system cars." so called. From the bill it appears that heretofore complainant has been awarded its pro rata number of "system cars" without reference, and in addition to the private and foreign fuel cars employed in connection with its business. It is alleged in the bill that in this way it has been able to work its mine at its full capacity, whereby it could produce coal at reduced rates. This rate manifestly would be available for interstate shipments, although the bill alleges, and the demurrer admits, that the private and foreign fuel cars were engaged solely in intrastate trade. It further appears from the bill that complainant has entered into contracts on the basis of the old allotment of cars, which it cannot afford to carry out on the new basis of distribution of system cars.

It is claimed for complainant that, inasmuch as the private and foreign fuel cars deal only with intrastate transactions, the transactions in question do not come within the terms or spirit of the interstate commerce act. It is the plain intent of the act that railroad companies shall not extend any advantage to any shipper. It follows, therefore, that any act of a railroad company which directly or indirectly results in the extension of advantage to any one or more shippers over other shippers dealing with that road in interstate commerce is forbidden by the statute. It appears from the bill that the defendant is engaged in such commerce. There exists, therefore, this situation, viz.: The railroad is giving to the coal company facilities, in intrastate commerce, it may be, which enable the latter to place its coal upon the market for interstate shipment at a less price than that at which other coal mines can afford to sell coal. Of course, such a situation might arise from other causes, as, for instance, more accessible strata or greater quantities of coal or better mining facilities or lower wages. These advantages might be lawful in themselves, and not at all within the statute, and would be proper data to be considered in fixing the quota of cars. The law, however, deals with the interstate carrier. It may not in any way become a party to complainant's unfair advantage over other shippers in affording greater facilities pro rata to one shipper than to another. It is a creature of the law, and amenable to the varying provisions thereof. It was quite within the power of Congress to enact that a railroad shall not lend its great advantages to any enterprise which in any way seems to discriminate in favor of or against any

person dealing with it. That it is doing so in this case is beyond question.

The fact that the new rule would work hardship upon complainant or place it at disadvantage is one which the court may not consider. Complainant's claim in the premises, as appears from the bill, comes within, and is repugnant to, the statute, and cannot be sustained. This finding is in accordance with the decisions in U. S. ex rel. Pitcairn Coal Company v. B. & O. R. R. Co. (C. C.) 154 Fed. 108, and Logan Coal Co. v. Penn. R. R. Co. (C. C.) 154 Fed. 497, and by the decision of the Interstate Commerce Commission July 11, 1907, in the cases of Railroad Commission of Ohio v. Hocking Valley Ry. Co. and Wheeling & Lake Erie R. R. Co., 12 Interst. Com. R. 398.

Considerable space is given in the briefs to the question of jurisdiction. In view of what has been said above, it becomes unnecessary to pass upon that question further than to say that the demurrer is sustained, the bill dismissed for want of equity, and the temporary injunction dissolved. Mr. H. B. Arnold, counsel for the interstate commission, was allowed to, and did, file a brief herein.